# MARIANO MUÑOZ
### v.
# ATLAS TRANSFER COMPANY.

---

San Juan, Law, No. 929.

INJURY TO MOTORMAN IN COLLISION OF TRUCK AND CAR.

Negligence—Street Car.

    1. The motorman of a street car has the right, when he sees an auto upon the track, to assume that it will turn off in time to avoid a collision; but he must in the meantime remain in control of his car and in condition to avert an accident if the auto does not turn off the track.

---

NOTE.—As to the right of motorman to assume that person on the track will get out of the way, see note in 21 L.R.A. (N.S.) 880.

Muñoz v. Atlas Transfer Co.

Motorman—Doubt.
   2. A motorman is the actual representative of the owner of the trolley car, responsible for the fortunes of the car, and in case of doubt as to the preponderance of the evidence cannot recover.

Opinion filed May 9, 1914.

---

*Mr. J. Henri Brown* for the plaintiff.

*Mr. N. B. K. Pettingill* for the defendant.

HAMILTON, Judge, delivered the following opinion:

This case grows out of the same state of facts as Nos. 927 [post, 48], and 928 [ante, 44]. The front part of the car was crushed to pieces and the motorman was severely injured. He brings suit against the owners of the truck for his injuries.

1. The motorman of a street car has the right, even when he sees an automobile upon the track, to assume that that vehicle will turn off in time to avoid a collision. This right, however, has its limits. The motorman must not meanwhile lose control of his car, and must remain in condition to avert an accident if the automobile in point of fact does not turn off the track. Davids, Motor Vehicles, § 171. The motorman has the right to make this assumption because reasonable beings can properly be assumed to avoid danger of which they are informed. This principle, however, can hardly be said to apply in the case at bar, because the automobile in question was not moving, and the motorman did not see it. The case rests upon other principles.

2. It has been held in No. 928 that the owner of the trolley car cannot recover under the circumstances surrounding both cases, because it is not established by a preponderance of the evidence that it did not contribute to its own injury. Can the motorman, who was the actual representative of the owner of the trolley car, be considered in any other light than the owner whom he represented?

The motorman was in charge of the car, was a part of it, subject to its fortunes, and, in fact, was responsible for its fortunes. If the accident was due to any defect in the machinery, which, of course, is not decided, at least this was something which could not be charged up to the defendant.

No reasoning is perceived by which a different view can be held for the motorman from that which has been held for the owner of the car.

The judgment, therefore, is for the defendant.